# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BORIS WOODARD, et al.,        :
                                 :

    Plaintiffs,             :
                                 :

    v.                   :     CIVIL ACTION NO.
                                 :     1:14-CV-3710-RWS

THOMAS C. DEMPSEY,       :
                                 :

    Defendant.            :

## ORDER

This matter is before the Court on Defendant's Motion to Exclude Opinions of Plaintiffs' Accounting Expert [Doc. No. 103], Plaintiffs' Motion for Extension of Time to File Daubert Motions [Doc. No. 107], Defendant's Motion for Reconsideration [Doc. No. 111], and Defendant's Motion for Summary Judgment [Doc. No. 112].

## I.    Factual Background

This case arises from a motor vehicle accident that resulted in injuries to Plaintiff Boris Woodard and the death of Plaintiffs' daughter, Anna Woodard. On March 20, 2014, Defendant Dempsey was driving from Ohio to Winter Haven, Florida [Doc. No. 119-2, ¶ 1, admitted]. Shortly before the accident occurred, Defendant was driving his SUV on the Canton Road Connector approaching the

intersection with Cobb Parkway in Marietta, Georgia [Doc. No. 112-7, ¶ 4, admitted]. As he approached the intersection in the right turn lane and prepared to stop for traffic in front of him, Defendant claims that he was physically unable to lift his right foot off the accelerator [Doc. No. 112-7, ¶ 5, admitted]. In an effort to avoid colliding with the vehicles in front of him, which would in turn set off a chain-reaction collision, Defendant swerved into the grassy area to his right [Doc. No. 112-7, ¶ 7, admitted]. Defendant struck a signpost and lost control of his SUV, then continued forward and hit a culvert [Doc. No. 112-2, ¶ 8, admitted]. His SUV went airborne and landed on the passenger side of Boris Woodard's pickup truck [Doc. No. 119-2, ¶ 2, admitted]. As a result of the wreck, Defendant Dempsey pled guilty to "Failure to maintain lane" in violation of O.C.G.A. § 40-6-48 [Doc. No. 119-2, ¶ 3, admitted].

Defendant Dempsey was diagnosed with polymyositis about five years ago [Doc. No. 119-2, ¶ 10, admitted]. During the last five years, he has noticed a worsening of his leg problems [Doc. No. 119-2, ¶ 11, admitted]. During discovery, Plaintiff Susan Woodard served Interrogatories on Defendant Dempsey and asked him to "identify any medical condition or medical occurrence which you contend caused or contributed to the wreck" [Doc. No. 119-2, ¶ 14, admitted].

AO 72A
(Rev.8/8
2)

Defendant Dempsey responded with an objection and then stated "defendant presumes, but does not know, that his polymyositis contributed to the unexpected sensation he felt in his foot immediately before the subject accident" [Id.; Doc. No. 119-5]. Throughout the entirety of the events, Defendant claims that he was physically unable to lift his foot off of the accelerator [Doc. No. 112-7, ¶ 9, admitted].

On October 16, 2014, Plaintiffs filed suit in the State Court of Cobb County, Georgia [Doc. No. 1-1]. Defendant removed the case to this Court on November 19, 2014, alleging diversity jurisdiction [Doc. No. 1]. Plaintiffs assert a negligence claim against Defendant for his choices, actions, and failures to act in causing the wreck [Doc. No. 1-1]. Plaintiffs seek damages for the wrongful death and full value of Anna Woodard's life, as well as economic and non-economic damages for Boris Woodard's injuries. Plaintiffs also seek attorneys' fees under O.C.G.A. § 13-6-1 because they allege that Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense.

## II. Defendant's Motion for Reconsideration [Doc. No. 111]

Defendant has moved the Court [Doc. No. 111] to reconsider its Order

AO 72A
(Rev.8/8
2)

granting Plaintiffs' Motion to Exclude Defendant's expert, John Goldman [Doc. No. 109]. Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259 (quoting Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D.Ga. 2000)). Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F.

AO 72A
(Rev.8/8
2)

Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Defendant claims that in excluding Dr. Goldman's opinion, the Court has overlooked its prior instructions that the parties exercise discretion in pursuing discovery while Defendant's appeal was pending in the Eleventh Circuit. However, the Court did not overlook these instructions. Rather, Defendant did not make the argument in defense of his untimely identification of Dr. Goldman. It is too late for Defendant to raise this argument now. Additionally, even if Defendant had raised this argument, the Court still would have excluded Dr. Goldman's testimony. Discovery had already been extended two times before Defendant untimely identified Dr. Goldman as an expert witness, and Defendant had ample opportunity to disclose Dr. Goldman in a timely fashion. He failed to do so, and exclusion of Dr. Goldman's opinion is the appropriate remedy.

For the reasons stated above, Defendant's Motion for Reconsideration [Doc. No. 111] is DENIED. As Dr. Golden's opinion has been excluded, Plaintiffs' Motion for Extension of Time [Doc. No. 107] is DENIED as moot.

## III. Defendant's Motion to Exclude [Doc. No. 103]

Defendant has moved to exclude the opinions of Plaintiffs' accounting expert, Jean-Pascal Gingras [Doc. No. 103]. Mr. Gingras's opinion is offered to

5

AO 72A
(Rev.8/8
2)

support Plaintiffs' damages claims regarding the lost wages, lost benefits, and lost household production of Anna Woodard. Defendant contends that Mr. Gingras's opinion should be excluded because his opinions do not comport with the requirements of Federal Rule of Evidence 702 or the gatekeeper functions described in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993).

A district court engages in a three-part inquiry derived from Rule 702 to determine the admissibility of expert testimony. Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340-41 (11th Cir. 2003). Specifically, a district court must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Id. (citing City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548, 562 (11th Cir. 1998)). The same standard applies to all expert testimony, including testimony regarding scientific, technical, and other specialized matters. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).

The Court has reviewed Defendant's arguments as to why Mr. Gingras

6

AO 72A
(Rev.8/8
2)

should not be allowed to testify at trial. However, the Court disagrees. The concerns that Defendant expresses regarding Mr. Gingras's opinion can be addressed through cross-examination at trial and through the testimony of their rebuttal expert, Dr. Bruce Seaman. As such, Defendant's Motion to Exclude [Doc. No. 103] is DENIED.

## IV.     Defendant's Motion for Summary Judgment [Doc. No. 112]

Defendant has moved for summary judgment on Plaintiffs' claims [Doc. No. 112].

### A.     Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal

AO 72A
(Rev.8/8
2)

quotations omitted)).  Where the moving party makes such a showing, the burden

shifts to the non-movant, who must go beyond the pleadings and present

affirmative evidence to show that a genuine issue of material fact does exist.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257  (1986).

The applicable substantive law identifies which facts are material.  Id. at

248.  A fact is not material if a dispute over that fact will not affect the outcome

of the suit under the governing law.  Id.  An issue is genuine when the evidence

is such that a reasonable jury could return a verdict for the non-moving party.  Id.

at 249-50.

In resolving a motion for summary judgment, the court must view all

evidence and draw all reasonable inferences in the light most favorable to the non-

moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir.

2002).  But, the court is bound only to draw those inferences which are

reasonable.  "Where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no genuine issue for trial."  Allen

v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  "If the

evidence is merely colorable, or is not significantly probative, summary judgment

AO 72A
(Rev.8/8
2)

may be granted." <u>Anderson</u>, 477 U.S. at 249-50 (internal citations omitted); <u>see also</u> <u>Matsushita</u>, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

**B.    Analysis**

Defendant invokes the act of God/sudden emergency defense and argues that it is uncontradicted that he experienced a sudden medical emergency immediately prior to the accident that was unforeseeable.  As a result, he argues that he did not breach any duty owed to Plaintiffs and that he is entitled to summary judgment.

While questions of negligence are usually reserved for the jury, there are circumstances under which it is properly determined as a matter of law that an act of God or unexpected emergency "was the proximate cause of an automobile accident, thus entitling a defendant to summary judgment." <u>Halligan v. Broun</u>, 645 S.E.2d 581, 582 (Ga. Ct. App. 2007) (quoting <u>Lewis v. Smith</u>, 517 S.E.2d 538, 540 (Ga. Ct. App. 1999)).  The sudden emergency doctrine is a complete defense to a negligence claim and provides that a person who is faced with a sudden emergency and either acts within his "best judgment" or does not have

9

sufficient time to form such a judgment "is not chargeable with negligence."

Willis v. Love, 502 S.E.2d 487, 489 (Ga. Ct. App. 1998). An emergency is

defined as a "'sudden peril caused by circumstances in which the defendant did

not participate and which offered [him] a choice of conduct without time for

thought so that negligence in [his] choice might be attributable not to lack of care

but to lack of time to assess the situation.'" Id. (citing Luke v. Spicer, 390 S.E.2d

267, 268 (Ga. Ct. App. 1990).

O.C.G.A. § 1-3-3(3) specifically provides that "illness" can be considered

an "act of God" and thus serve as a complete bar to a negligence claim against the

defendant that experienced that illness. To defeat a negligence claim using this

defense, a defendant must show that the illness/medical emergency alone, rather

than some additional action taken by the defendant, caused the accident. Lewis,

517 S.E.2d at 540. As such, a defendant cannot use this defense if it was

foreseeable that he might experience such a medical emergency while driving. Id.

Here, there is ample record evidence to create a genuine issue of material

fact regarding the foreseeability of the physical condition Defendant describes as

the cause of the collision [Doc. No. 119, p. 3]. Additionally, Defendant's guilty

plea is evidence of negligence. See, e.g., Roberts v. Ledbetter, 463 S.E.2d 533,

10

534 (Ga. Ct. App. 1995) ("plaintiff has established negligence *per se* in the violation of a statute [regulating a traffic violation], which is a prima facie showing of negligence."). Under these circumstances, the Court finds that there is a genuine issue of material fact that precludes summary judgment, and Defendant's Motion for Summary Judgment [Doc. No. 112] is DENIED.

## V.      Conclusion

For the reasons stated above, Defendant's Motion to Exclude Opinions of Plaintiffs' Accounting Expert [Doc. No. 103] is DENIED.  Plaintiffs' Motion for Extension of Time to File Daubert Motions [Doc. No. 107] is DENIED as moot. Defendant's Motion for Reconsideration [Doc. No. 111] is DENIED. Defendant's Motion for Summary Judgment [Doc. No. 112] is DENIED.  The parties are ORDERED to submit a proposed consolidated pretrial order within thirty days.

**SO ORDERED**, this 1st day of August, 2016.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/8
2)